# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>CONNIE MEGGS<br>*Defendant* | )<br>)<br>) Case No. 5:21-mj-1035-PRL<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

   Pending before the Court is Defendant's Oral Motion for Pretrial Release pursuant to 18 U.S.C. § 3142 (Doc. 6). In light of the Defendant's request, I held a bond hearing on February 22, 2021, at which time defendant's counsel made an argument for the Defendant's release. The Government maintained its position that Defendant should be held in custody pending trial based on the factors set forth in 18 U.S.C. § 3142.

   Upon the

   ☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
   ☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

this order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
   ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
      ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
      ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
      ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
      ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
      ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
         **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*
   ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, but even if he had detention is warranted as addressed below.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse

- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

☒    There is a presumption of detention in this case. The conduct is such that someone who is alleged to have committed it is inherently unlikely to appear or not endanger the community. In other words, given the nature of the alleged conduct they are a risk of flight and danger to the community. The nature of the offense and the weight of the evidence are weighed heavily then.

American democracy didn't always exist. It started with a declaration of independence and a revolutionary war, followed by the articles of confederation. That original founding document contained one branch of government – a congress. It proved insufficient. Spurred on, in part by a rebellion, the founders agreed a stronger central government was necessary. One, ultimately, that balanced power within itself between three branches, and between itself and the states. It created, for example, an electoral college, which would decide the presidency, but left substantial discretion and responsibility to the states themselves to run the elections.

Certification of the winner, in turn, brought together both houses of congress and a member of the executive branch, the vice-president.

Parts of that process were challenged, first through the Courts, our third branch, but then directly, by regular citizens, on January 6. That attack wasn't just one on an entire branch of our government (including a member of the executive branch), but it was an attack on the very foundation of our democracy.

It is often said that we are a nation of laws. They ensure order. They provide for peace – they provide for peaceful transitions of power. Indeed, the Eleventh Circuit has illustrated this point, about being a nation of laws, albeit in a different context.

Federal law, it said, "began with a Constitution on four parchment pages, followed by a Bill of Rights on one more. But the Constitution begat Congress, and Congress begat statutes—lots and lots of statutes. The current version of them fills 45,000 pages of the United States Code." (Some of those, you are charged with.) "Those statutes begat hundreds of administrative agencies, and many of those agencies begat regulations . . . . As the number of statutes and regulations has multiplied . . . , so has decisional law. Supreme Court decisions fill 573 volumes of the official United States Reports, while federal court of appeals decisions fill 2,000 or so volumes of the Federal Reporter series."

United States v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1223, 1225 (11th Cir. 2015) (citations omitted).

Our nation, our democracy, is governed by these laws. When there is a dispute, the courts decide it.

This case isn't just about breaking the law. We see those cases everyday. This case is different. It is more. It is about challenging the very existence of the law. It is about a challenge to the very institution responsible for making the law, while it was in the process of carrying out its lawful duty. They were carrying out a duty that their oath required them to fulfill.

That very congress has established that one of the violations of law that you are charged with is so serious that the Court must presume you are a danger to the community when you are charged with violating it.

When the Court considers then the seriousness of the charges against you and the weight of the evidence, there is only one conclusion. You are a danger to the community and must be detained.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:
February 22, 2021

_____
PHILIP R. LAMMENS
United States Magistrate Judge